IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK BARNETTE,

                Plaintiff,                        CV-09-995-ST

       v.                                         FINDINGS AND RECOMMENDATIONS

PRIORITY AUTO WHOLESALE, LLC., an
Oregon limited liability company,

                Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Mark Barnette, filed this action on August 24, 2009, against defendant Priority Auto Wholesale, alleging a minimum wage claim under the Fair Labor Standards Act ("FLSA") and a claim for late payment of wages upon termination under ORS 652.140 and ORS 652.150.

///

Because defendant failed to plead or otherwise defend within 20 days after service of the summons, plaintiff filed a Motion for Entry of Default on October 15, 2009 (docket #3). That

1 - FINDINGS AND RECOMMENDATIONS

motion was granted on October 28, 2009 (docket #7).  Plaintiff then filed a Motion for Default Judgment on November 6, 2009 (docket #8).  After being advised by the court that the supporting declaration was insufficient, plaintiff filed an Amended Declaration (docket #10).  The court then entered a Judgment against defendant in the amount of $3,809.19, including prejudgment interest at the annual rate of 0.36%, together with post-judgment interest at the annual rate of 0.36%, reasonable attorney fees and costs.

Plaintiff has now filed a Bill of Costs (docket #13) in the sum of $723.55 and a Motion for Attorney Fees (docket #14) in the sum of $8,216.50.  For the reasons set forth below, costs should be taxed in the reduced sum of $448.55 and attorney fees should be awarded in the reduced sum of $3,780.00.

## I. COSTS

As the prevailing party, plaintiff may tax against the losing party the following costs enumerated in 28 USC § 1920:

> (1)  Fees of the clerk and marshal;
> (2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)  Fees and disbursements for printing and witnesses;
> (4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5)  Docket fees under section 1923 of the title;
> (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although a district court has broad discretionary power to allow or disallow a prevailing party to recoup the costs of litigation, the court may not tax costs beyond those authorized by 28 USC § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 US 437, 441-42 (1987).  Courts

are, however, free to construe the meaning and scope of the items enumerated as taxable costs in § 1920. *Aflex Corp. v. Underwriters Labs., Inc.*, 914 F2d 175, 177 (9th Cir 1990) (*per curiam*), *cert denied*, 502 US 812 (1991).

Plaintiff's Bill of Costs includes $350.00 for the fees of the Clerk, $40.00 for fees to serve the summons, and $58.55 for copying charges. All of these fees are recoverable under 28 USC § 1920 and are properly supported by receipts and invoices.

However, plaintiff also requests $275.00 for the prevailing party fee under ORS 20.190(2). The fact that plaintiff alleges one claim under Oregon law does not entitle him to recover the prevailing party fee under Oregon law. Instead, plaintiff's recoverable costs are limited to those listed in 28 USC § 1920. Because this prevailing party fee is not allowed by 28 USC § 1920, it must be deducted from the Bill of Costs. According, plaintiff's costs should be taxed in the reduced sum of $448.55.

## II.   ATTORNEY FEE REQUEST

Although defendant did not file an appearance in this action, "the district court [is] required to independently review plaintiffs' fee request even absent defense objection." *Gates v. Deukmejian*, 987 F2d 1392, 1401 (9th Cir 1993); *Sealy, Inc. v. Easy Living, Inc.*, 743 F2d 1378, 1385, n 3 (9th Cir 1984). The court must determine if plaintiff's fee request is reasonable and "does not abuse its discretion simply by reducing the amount of an unsupported fee award." *N.A.A.C.P. v. City of Evergreen, Ala.*, 812 F2d 1332, 1334 (11th Cir 1987). Uncontradicted evidence may be rejected if there is a reason for doing so. *Id*.

### A.   Entitlement to Attorney Fees

The FLSA provides that the court "shall" award attorney fees and costs to be paid by the defendant to the prevailing plaintiff. The purpose of this provision is "to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F2d 1126 (6th Cir 1994). The Complaint alleges that plaintiff was not paid the then-prevailing minimum wage rate for all hours worked during November 2009 as required under the FLSA. Complaint, ¶¶ 15-20, 27-32. By obtaining a default judgment against defendant, plaintiff successfully prosecuted his minimum wage claim and is entitled to recover his attorney fees under the FLSA.

Plaintiff also alleges a claim under ORS 652.140 for nonpayment of wages on termination of employment and under ORS 652.150 for 30 days penalty wages for that nonpayment. Pursuant to ORS 652.200(2), the court "shall" award reasonable attorney fees and costs to a plaintiff in "any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the wages became due and payable" with two exceptions. Those exceptions are when "it appears that the employee has willfully violated the contract of employment" or "the plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action."

The Complaint alleges that defendant terminated plaintiff's employment on or about December 11, 2009, and issued a final paycheck to him that same day which did not include the minimum wages due him for all hours worked in November 2009. Complaint, ¶¶ 35-38. It does not allege that plaintiff's attorney gave written notice of the wage claim to defendant before filing the action. However, the time records for David Schuck submitted in support of the

4 - FINDINGS AND RECOMMENDATIONS

Motion for Attorney Fees contains an entry on July 9, 2009, that he drafted a "wage claim/demand letter" and another entry on July 13, 2009, concerning a "telephone call from general manager regarding case" and refusing to "pay any amount." Based on those time entries, this court find that plaintiff's attorney gave the requisite notice prior to filing the action. Based on the default judgment entered against defendant, plaintiff is entitled to recover his reasonable attorney fees under ORS 652.200(2).

B.  **Factors to Consider**

The calculation of attorney fee awards for claims under federal law begins with the lodestar figure, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Miller v. Los Angeles County Bd. of Educ.*, 827 F2d 617, 621 (9th Cir 1987), quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 US 546, 564 (1986). There is a strong presumption that the lodestar amount is reasonable. *Jordan v. Multnomah County*, 815 F2d 1258, 1262 (9th Cir 1987).

The court may adjust the lodestar amount based on the factors enunciated in *Kerr v. Screen Extras Guild, Inc.*, 526 F2d 67, 70 (9th Cir 1975), *cert denied*, 425 US 951 (1976). *D'Emanuele v. Montgomery Ward & Co. Inc.*, 904 F2d 1379, 1383 (9th Cir 1990). The *Kerr* factors are: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee was fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney;

(10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the clients; and (12) awards in similar cases.  *Kerr*, 526 F2d at 70.

For an attorney fee award on the wage claim under Oregon law, the factors are similar. Attorney fee awards authorized by Oregon statute are governed by ORS 20.075(2) which requires the court to consider the factors specified in ORS 20.075(1)[1] and the following factors:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
> (c) The fee customarily charged in the locality for similar legal services.
> (d) The amount involved in the controversy and the results obtained.
> (e) The time limitations imposed by the client or the circumstances of the case.
> (f) The nature and length of the attorney's professional relationship with the client.
> (g) The experience, reputation and ability of the attorney performing the services.
> (h) Whether the fee of the attorney is fixed or contingent.

**C.     Hourly Rates**

---

[1] Those factors are:
"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
(b) The objective reasonableness of the claims and defenses asserted by the parties.
(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
(h) Such other factors as the court may consider appropriate under the circumstances of the case."

To support his attorney fee request, plaintiff has submitted declarations by his attorneys, Stephanie J. Brown and David A. Schuck of Schuck Law, LLC, in Vancouver, Washington, which specializes in prosecuting lawsuits on behalf of Oregon and Washington employees against their employers. *See* www.wageclaim.org.

Mr. Schuck graduated from law school and was admitted to the Oregon State Bar in 1999. Schuck Decl., ¶¶ 3-4. He has prosecuted over 100 individual and 25 class action wage and hour cases and is regularly contacted by other Oregon attorneys regarding litigation of such claims. *Id*, ¶¶ 5-7. Although he was retained by plaintiff on a contingency basis, he recorded his hours worked on this case. *Id*, ¶ 8. His billing rate is $360.00 per hour which he determined based a review of the 2007 Oregon State Bar Economic Survey and 2008 supplement, the rates of other attorneys who practice wage and hour law, and the contingent nature of the fee. *Id*, ¶ 13.

Mr. Schuck's $360.00 hourly rate is well above the norm for his experience and expertise based on the 2007 Oregon State Bar Economic Survey and 2008 supplement. In 2007, the survey reveals that the average and median billing rates for attorneys in private practice in Portland were $213.00 and $200.00 respectively. Those rates increased in 2008 to $250.00 and $274.00 for the members of the Litigation Section, with the majority in downtown Portland reporting rates between $175.00 and $299.00. For an attorney in Portland with 10-12 years experience, the average and median billing rates were $235.00 and $250.00 in 2007. There is no category specifically for attorneys handling wage and hour cases, but the highest rates are charged by attorneys in business and corporate litigation. Plaintiff has submitted no affidavits from other attorneys or any other source supporting an hourly rate for Mr. Schuck as high as

7 - FINDINGS AND RECOMMENDATIONS

$360.00. Based on the limited information available and taking into account some increase in rates from 2007 to 2009, this court finds that a reasonable hourly rate for an attorney in the Portland area with Mr. Schuck's experience and expertise is no more than $275.00.

Ms. Brown graduated from law school in 2001 and was admitted to the Oregon State Bar in 2003. Brown Decl., ¶¶ 4-5. With minor exceptions, she has limited her practice to employment litigation emphasizing wage and hour law. *Id*, ,¶ 6. She similarly states that she was retained by plaintiff on a contingency basis, but recorded her hours worked on the case. *Id*, ¶ 7. Her billing rate is $275.00 per hour determined on her review of the 2007 Oregon State Bar Economic Survey and 2008 supplement, the rates of other attorneys who practice wage and hour law, and the contingent nature of the fee. *Id*, ¶ 13.

This court finds that Ms. Brown's $275.00 hourly rate is well above the norm for her experience and expertise. According to the 2007 Oregon State Bar Economic Survey, the average and median billing rates for an attorney in Portland with 4-6 years experience were $188.00 and $185.00. Plaintiff has submitted no affidavits from other attorneys or any other source supporting an hourly rate as high as $275.00. Based on the limited information available and taking into account some increase in rates from 2007 to 2009, this court finds that a reasonable hourly rate for an attorney in the Portland area with Ms. Brown's experience and expertise in 2009 is no more than $200.00.

### D. Number of Hours

Mr. Schuck spent a total of 6.4 hours performing intake, discussing facts and witnesses with plaintiff, handling the fee agreement, communicating with BOLI, reviewing the BOLI file

for evidence, communicating with defendant about the claim, and drafting his declaration. The number of hours incurred to perform those tasks is not inherently unreasonable.

The same cannot be said for the 21.5 hours spent by Ms. Brown to draft the complaint, the motions and supporting declarations for a default order and judgment, the Bill of Costs, and the Motion for Attorney Fees and supporting declarations. These hours are high for a case in which the defendant failed to mount a defense.

Although Ms. Brown claims to specialize in wage and hour cases, many of which are filed in federal court, her time entries reveal that she charged for researching procedures to file default motions and calling the court for advice. Despite that research and advice, the first declaration she filed to obtain a default judgment was found insufficient by the court, requiring her to file an amended declaration. In all, she charged 1.9 hours to draft the motion for a default order (one paragraph) and declaration (three short paragraphs), 6.3 hours for the motion for a default judgment (one paragraph) and supporting declaration (six short paragraphs), and another 2.3 hours for the amended declaration (adding two paragraphs supporting the damage calculations), for a total of 10.5 hours. That time is clearly excessive and should be reduced to 1.0 hour for the motion for a default order (.3 to draft the motion, .5 to draft the declaration, and .2 for editing) and 2.0 hours at most for the motion for a default judgment (including 1.0 hour to calculate the damages), for a total of 3.0 hours (reduction of 7.5 hours).

In addition, Ms. Brown charged 2.2 hours to draft the Bill of Costs. However, given its simplicity, that task should not have taken more than 1.0 hour (reduction of 1.2 hours). She also incurred a total of 5.4 hours to draft the Motion for Attorney Fees and supporting declaration. Of that time, 3.1 hours were spent drafting the memorandum in support of attorney fees. Given

9 - FINDINGS AND RECOMMENDATIONS

that plaintiff obtained a default judgment and clearly was the prevailing party under both the FLSA and Oregon law, the memorandum contains much more legal argument than was reasonable under the circumstances. Drafting that motion and supporting declarations should not have taken more than 3.0 hours (reduction of 2.4 hours).

This court also notes that Ms. Brown billed to electronically file pleadings which is a clerical task. Costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate and are not properly reimbursable. *Missouri v. Jenkins*, 491 US 274, 288 n10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate, regardless of who performs them. . . . [The] dollar value [of a clerical task] is not enhanced just because a lawyer does it." (internal citation omitted)); *Frevach Land Co. v. Multnomah County*, 2001 WL 34039133 *12 (D Or, Dec. 18, 2001) (inappropriate according to practices "prevailing . . . in [the District of Oregon]. . . to bill a client or to seek fees under a fee-shifting statute, for purely secretarial tasks"); *Gough v. Apfel*, 133 F Supp2d 878, 881 (WD Va 2001) ("[p]urely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees"). Thu, all of time billed by Ms. Brown for clerical tasks should be deducted. Some are already included in the prior reductions. Additional reductions are .1 on October 2 and .2 on October 15, for a total of .3 hour.

In sum, Ms. Brown's hours should be reduced from 21.5 hours to 10.1 hours.

### E. Other Factors

This court has reviewed the other relevant factors under both federal and Oregon law for awarding attorney fees and finds that none of them justify the amount of plaintiff's request. All

that occurred in this case was defendant's decision not to defend itself against plaintiff's claim and to allow a default judgment to be entered against it. Any wilfulness to pay wages due to plaintiff is already encompassed in the amount of the judgment.

### F. Summary

Accordingly, plaintiff is entitled to an award of attorney fees calculated as follows:

| | | |
|---|---|---|
| Mr. Schuck: | 6.4 hours x $275/hour = | $1,760.00 |
| Ms. Brown: | 10.1 hours x $200/hour = | 2,020.00 |
| TOTAL: | | $3,780.00 |

### RECOMMENDATIONS

For the reasons set forth above, plaintiff's Bill of Costs (docket #13) should be GRANTED in the reduced sum of $448.55 and his Motion for Attorney Fees (docket #14) should be GRANTED in the reduced sum of $3,780.00.

### SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due January 4, 2010. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

DATED this 17th day of December, 2009.

s/ Janice M. Stewart  
Janice M. Stewart  
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATIONS